UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEW HAMILTON LIQUOR STORE, INC. ET AL.,

    Plaintiffs,

v.

AMGUARD INSURANCE COMPANY,

    Defendant.

_____/

Case No. 17-13077

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION [51]**

Plaintiffs brought this diversity suit against their insurance company to enforce their contractual rights to their insurance coverage. After Plaintiffs' liquor store burned down, Defendant, the insurance company AmGuard, refused to pay the claim. It reasoned that the coverage was excluded by Plaintiffs' failure to maintain an automatic fire alarm. On July 23, 2020, the Court denied Plaintiffs' Motion for Summary Judgment [36] and granted Defendant's Motion for Summary Judgment [37]. (ECF No. 48). Plaintiffs' now move for reconsideration. (ECF No. 51). For the reasons articulated below, Plaintiffs' Motion [51] will be denied.

## LEGAL STANDARD

The Local Rules for the Eastern District of Michigan provide as follows.

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (quoting *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997)).

## ANALYSIS

Plaintiffs' argue that "[a]t a minimum, under Michigan law, the issue of whether [they] *substantially complied* with the [insurance] policy's condition of maintaining an 'automatic fire alarm' is a material fact question." (ECF No. 51, PageID.3925) (emphasis added). Thus, they contend that it must be presented to a jury. (*Id.*). To support their argument, Plaintiffs cite *Durasevic v. Grange Ins. Co. of Mich.*, 328 F. Supp. 3d 770 (E.D. Mich. 2018), and *Bowlers' Alley, Inc. v. Cincinnati Ins. Co.*, 108 F. Supp. 3d 543 (E.D. Mich. 2015), for the proposition that conditions precedent, like the requirement of an automatic fire alarm in their policy's Protective

2

Safeguard Endorsement ("PSE"), need only be satisfied by substantial performance. This is incorrect.

The Sixth Circuit, as well as several District Courts therein, have recognized that under Michigan law, the doctrine of substantial performance does not apply to an express condition precedent like the one at issue here. *See May v. Citimortgage, Inc.*, 648 F. App'x 567, 572 (6th Cir. 2016); *Davis Specialty Contracting, Inc. v. Turner Constr. Co.*, 13-CV-10352, 2016 WL 675909, at *6 (E.D. Mich. Feb. 19, 2016) ("[S]ubstantial performance does not satisfy an express condition precedent." (citing *Star of Detroit Line, Inc. v. Comerica Bank*, No. 198090, 1999 WL 33454888, at *3 (Mich. Ct. App. Feb. 16, 1999))). One notable exception to this general rule, cited by Plaintiffs, is proof of loss. *See, e.g.*, *Durasevic*, 328 F. Supp. 3d at 779; *Bowlers' Alley, Inc.*, 108 F. Supp. 3d at 570. But that exception is not at issue here.

The Court found, and Plaintiffs concede, that the PSE is a condition precedent to coverage under the policy. (ECF No. 48, PageID.3903; ECF No. 51, PageID.3925). Indeed, it is an express condition: "Failure to abide by its terms will preclude coverage, as contemplated by subpart B of the PSE." (ECF No. 48, PageID.3903); *see also Am. Way Cellular, Inc. v. Travelers Prop. Cas. Co. of Am.*, 216 Cal. App. 4th 1040, 1054 (Cal. Ct. App. 2013) (surveying cases nationally to opine that failure to install fire sprinklers where required in PSE *negated* fire insurance coverage).

3

Consequently, the basic premise of Plaintiffs' argument fails. *See Troy 888 LLC v. Summit Wilshire LLC*, 338393, 2018 WL 6252521, at *5 (Mich. App. Nov. 29, 2018) ("[T]he doctrine of substantial performance is inapplicable to the express condition precedent . . . ."); *Brodbeck v. Darling*, 282760, 2009 WL 2343163, at *1 (Mich. Ct. App. July 30, 2009) ("Plaintiffs cite no authority for the proposition that substantial compliance with a condition precedent is sufficient to satisfy the condition precedent."); *see also Sun Valley, Ltd. v. Galyan's Trading Co.*, LLC, 13-13641, 2014 WL 1030956, at *7 (E.D. Mich. Mar. 17, 2014) ("[T]he doctrine of substantial performance . . . applies only when . . . the contract does not explicitly require the obligation that was breached." (quoting Restatement (Second) of Contracts, § 237 cmt. d (Am. Law Inst. 1981))). In light of this foundational error in Plaintiffs' argument, the remainder of Plaintiffs' contentions, each of which go to substantial compliance, are unavailing.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration [51] is **DENIED**.

**SO ORDERED**.

Dated: November 10, 2020

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge